UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES E. PRATT,<br><br>    Petitioner,<br><br>  v.<br><br>SCOTT KERNAN, warden,<br><br>    Respondent.<br>_____/ | No. C 05-2062 SI (pr)<br><br>**ORDER DENYING RELIEF FROM UNTIMELY APPEAL AND DENYING CERTIFICATE OF APPEALABILITY** |

Charles E. Pratt filed a notice of appeal and a request for a certificate of appealability. He also filed a document entitled "Late Filing Due To 'Extra-ordinary Circumstances'" in which he explained why he did not file the notice of appeal and request for a certificate of appealability until almost six months after entry of judgment. The court construes the "Late Filing" document to be a request for an extension of time to file a late notice of appeal. Construing it as a request for an extension of time does not help Pratt, however, because the request was made too late.

The habeas petition was denied and judgment entered on January 19, 2007. Pratt argued in his request for extension of time that he became separated from his legal materials and could not file a notice of appeal because he was placed in administrative segregation ("ad-seg"). His placement in ad-seg occurred on February 13, 2007, and lasted (according to him) until not later than the "end of May."[1] He did not contend in his request that he did not receive the judgment before he was put in ad-seg. Pratt's request for an extension of time was mailed on June 5, 2007

---

[1] One of the documents Pratt filed has notations on it indicating Pratt may have been released from ad-seg on February 14, 2007, just a day after he was put there. See Exh. B, last page, bottom section. Whether he was released on February 14, 2007, or at the end of May, does not matter because the jurisdictional period was exceeded in either event.

and stamped "filed" on June 14, 2007.

Rule 4(a) of the Federal Rules of Appellate Procedure requires that a notice of appeal be filed with the clerk of the district court "within 30 days after the entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1).  Rule 4(a) is jurisdictional. United States v. Sadler, 480 F.3d 932, 937 (9th Cir. 2007).  Relief from the deadline for filing a timely notice of appeal may be obtained by a motion in the district court under Rule 4(a)(5) (motion for an extension of time) or 4(a)(6) (motion to reopen time to file appeal).

Rule 4(a)(5) allows the district court to extend the time to file a notice of appeal, but only if the party moves for the extension within 30 days of the expiration of the time to file the notice and shows excusable neglect or good cause. See Fed. R. App. P. 4(a)(5).  Pratt cannot obtain an extension under Rule 4(a)(5) because he did not file his request within 30 days of the expiration of the time to file the notice of appeal.

Rule 4(a)(6) allows the district court to reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all three of these conditions are satisfied: (A) the court finds that the moving party was entitled to notice of the entry of the judgment but did not receive the notice of it within 21 days after entry; (B) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier;  and (C) the court finds that no party would be prejudiced. Relief from the expiration of the time to appeal may not be sought after the 180-day period in Rule 4(a)(6) has expired, see In re Stein, 197 F.3d 421, 425 (9th Cir. 2000), and the appeal period cannot be reopened for longer than the 14-day period, see Bowles v. Russell, 127 S. Ct. 2360, 2366 (2007).  Pratt's request was filed too late to obtain an extension under Rule 4(a)(6). Pratt provided no evidence that he did not receive the judgment at or about the time it was entered on January 19, 2007, and the court cannot reasonably infer that he did not receive the judgment until after he was released from ad-seg because he was not put into ad-seg until 26 days after the judgment was mailed to him.   Pratt failed to show that he did not receive notice of the entry of the judgment within 21 days after its entry, Fed. R. App. P. 4(a)(6)(A), and failed

1  to show that his request was filed within the <u>earlier</u> of 180 days after the entry of judgment or
2  7 days after he received notice of the entry of that judgment, Fed. R. App. P. 4(6)(B).

3       Rule 4(a) is the exclusive avenue for relief from the expiration of the period to file a
4  timely notice of appeal. <u>See</u> <u>In re Stein</u>, 197 F.3d at 426-27 (Fed. R. Civ. Proc. 60(b) cannot be
5  used to avoid the expiration of the 180-day time period). It must be enforced without distinction
6  between represented and <u>pro se</u> litigants. <u>See</u> <u>Clark v. Lavallie</u>, 204 F.3d 1038, 1041 (10th Cir.
7  2000) (rejecting pro se prisoner's motion filed more than 180 days after entry of judgment).
8  Pratt's request for an extension of time is DENIED. (Docket # 22.)

9       The request for a certificate of appealability is DENIED because Pratt has not
10 demonstrated that "reasonable jurists would find the district court's assessment of the
11 constitutional claims debatable or wrong." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).
12 (Docket # 23.) His request for leave to proceed <u>in forma pauperis</u> is DENIED. (Docket # 24.)

13      The clerk shall forward to the court of appeals the case file with this order. <u>See</u> <u>United</u>
14 <u>States v. Asrar</u>, 116 F.3d 1268, 1270 (9th Cir. 1997).

15      IT IS SO ORDERED.

16 DATED: July 2, 2007

                              SUSAN ILLSTON
17                            United States District Judge